UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

TONI GABRIELE,

    Plaintiff,

    -against-

SMARTCARE OS, LLC,

    Defendant.

**COMPLAINT**

Case No. 21-cv-3196

Jury Trial Demanded

------------------------------------------------------------------x

Plaintiff Toni Gabriele, by and through undersigned counsel, states the following for her Complaint against Defendant SmartCareOS, LLC, on personal knowledge as to her own acts and observations, and on information and belief as to all other matters.

## THE PARTIES

1. Plaintiff Toni Gabriele ("Ms. Gabriele") resides in and is a citizen of New York; she lives in Staten Island and performed work for Defendant from her home in Staten Island.

2. Upon information and belief, Defendant SmartCareOS, LLC ("SmartCare"), was and is a Delaware limited liability company, with an office in Nevada but doing business in New York. Public records indicate that its managing member is Mark Ullman, who has an office located in Connecticut as well as an office located at 405 Park Avenue, Floor 6, New York, NY 10022.

3. Ms. Gabriele was employed by SmartCare and worked inside the State and City of New York.

## JURISDICTION AND VENUE

4. SmartCare employed Ms. Gabriele. She was an employee, and SmartCare was an employer, within the meaning of the New York City Human Rights Law, N.Y.C. Admin Code §

1

8-107 et seq., as well as the New York State Human Rights Law, Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act, As Amended.

5. This Court has subject matter jurisdiction as it raises one or more claims under federal law, and the state and city law claims are so related to the federal claims that they form part of the same case and controversy under Article III of the United States Constitution. *See* 28 U.S.C. §§ 1331, 1367.

6. Venue is proper because a substantial part of the acts or omissions at issue in this case occurred in this District.

## FACTS

7. Ms. Gabriele is a 38-year old woman who values her career and creating a positive atmosphere and outlook for her coworkers and customers; she valued her employment at SmartCare; unfortunately, SmartCare wrongfully terminated her following struggles with her health. She brings this suit to stand up for dignity in the workplace and recover compensation for the financial and emotional toll that SmartCare's actions have taken.

8. SmartCare is a childcare software solution company.

9. Ms. Gabriele worked for SmartCare from mid-December 2017 until her termination in March of 2019.

10. SmartCare employed Ms. Gabriele in the role of Client Utilization specialist.

11. As Client Utilization specialist, Ms. Gabriele worked directly with clients and also held account management duties.

12. As further described below, SmartCare was a male-dominated atmosphere, but Ms. Gabriele persisted in building her career there.

13. In November 2018, Ms. Gabriele suffered a head injury at her home.

14. Ms. Gabriele suffered a concussion as a result of the head injury, which is a serious health condition that substantially limits major life activities.

15. As a result of her concussion, Ms. Gabriele experienced debilitating migraines, could not drive for four-to-five months, suffered from nausea, and experienced extreme sensitivity to light and smell, among other concussion-related symptoms.

16. Ms. Gabriele notified SmartCare immediately of her head injury in November 2018.

17. SmartCare initially appeared to accommodate the condition.

18. SmartCare management, including but not limited to Executive Vice President Trevor Hewitt ("Mr. Hewitt"), initially allowed Ms. Gabriele to take unpaid time off from work.

19. After about two weeks off of work, Ms. Gabriele attempted to return to work.

20. However, Ms. Gabriele was initially unable to return to work after two weeks due to lingering effects of her concussion, including but not limited to migraine headaches and sensitivity to light.

21. Ms. Gabriele contacted Mr. Hewitt and told him she needed to go back to the doctor. Mr. Hewitt indicated that this was "OK" and that SmartCare could not wait to have Ms. Gabriele back at work.

22. Every week from the date of her injury and throughout Fall 2018 and the early Winter months of 2019, Ms. Gabriele provided updates to SmartCare as to her condition.

23. From Fall 2018 through the early Winter months of 2019, SmartCare maintained that Ms. Gabriele would be "fine" to continue to take off as she recuperated from her injury due to her post-concussion symptoms.

24. In or around January 2019, Ms. Gabriele informed Mr. Hewitt that she would need to go back to the doctor for additional testing.

25. Mr. Hewitt informed Ms. Gabriele that "you're valued here" and "you're good" in relation to Ms. Gabriele telling him that she needed to go back to the doctor for additional testing.

26. Mr. Hewitt informed Ms. Gabriele that "[SmartCare] needed Ms. Gabriele now more than ever" and that her doctor's appointments would in no way jeopardize her job with SmartCare.

27. At or around the end of January 2019, Mr. Hewitt suddenly asked for Ms. Gabriele's "doctor's paperwork" regarding her injury. Ms. Gabriele agreed to comply.

28. Then, in March 2019, Mr. Hewitt abruptly terminated Ms. Gabriele on a phone call.

29. Ms. Gabriele had no written and/or verbal warnings or other form(s) of progressive discipline at the time of her termination; SmartCare had given no prior notice that it was engaging in any kind of plan to eliminate Ms. Gabriele's position.

30. On the phone call, Mr. Hewitt told Ms. Gabriele that the decision was a result of "budget cuts," and did not elaborate. Mr. Hewitt's explanation did not make sense, as Ms. Gabriele had not been made aware of any forthcoming reduction in force before her termination, had not been made aware of any business circumstances that would suggest a downturn in business, and the coincidence with a demand for a doctor's note suggests that Ms. Gabriele's physical condition played a role.

31. Ms. Gabriele's termination shocked her because she was under no impression she was going to be fired due to SmartCare's, and particularly Mr. Hewitt's, statement that SmartCare needed Ms. Gabriele now more than ever. The sudden about-face suggests that SmartCare got tired of dealing with Ms. Gabriele's condition and granting her leave.

32. SmartCare has acted in a willful, wanton, reckless, and/or intentional manner, as evidenced by terminating her employment out of discriminatory and/or retaliatory motive, justifying an award of punitive damages.

33. Ms. Gabriele filed a charge of discrimination with the EEOC, which has now completed its administrative processing and issued a right-to-sue letter; she has exhausted her administrative remedies.

## CLAIMS

### FIRST CAUSE OF ACTION
### Violation of the New York City Human Rights Law
### N.Y.C. Admin. Code § 8-107 et seq.
### Sex Discrimination

34. Ms. Gabriele incorporates each and every foregoing and succeeding paragraph of this Complaint as if fully set forth here.

35. Ms. Gabriele is female.

36. SmartCare took adverse action against Ms. Gabriele, including but not limited to terminating her employment.

37. Ms. Gabriele's sex was a motivating or other causally-sufficient factor in SmartCare's actions.

38. SmartCare's actions reflect gender stereotypes, including stereotypes about women as being subordinate and less capable. SmartCare's upper management team was all-male and instilled a "boys' club" atmosphere. For example, SmartCare did not promote female employees to upper management even though Ms. Gabriele was brought over from SmartTuition and was involved with founding meetings of SmartCare. Ms. Gabriele and other females were kept in non-upper management roles with SmartCare. As a direct and proximate result of SmartCare's

unlawful actions, Ms. Gabriele has been damaged and continues to suffer damages, including but not limited to loss of pay and emotional distress.

39. Ms. Gabriele prays that the Court find SmartCare liable for sex discrimination in violation of the New York City Human Rights Law, and grant all relief permitted by law, as set forth in the Prayer in this Complaint.

## SECOND CAUSE OF ACTION
### Violation of the New York City Human Rights Law
### N.Y.C. Admin. Code § 8-107 et seq.
### Disability Discrimination

40. Ms. Gabriele incorporates each and every foregoing and succeeding paragraph of this Complaint as if fully set forth here.

41. Ms. Gabriele lived with one or more disabilities, including but not necessarily limited to debilitating migraines and visual sensitivities due to her concussion. SmartCare knew of her disability(ies) or that she had a record of such disabilities, and/or regarded her as being disabled.

42. SmartCare took adverse action against Ms. Gabriele, including but not limited to terminating her employment; further, SmartCare failed to provide reasonable accommodations for these disabilities by terminating her instead of continuing her leave.

43. Ms. Gabriele's actual, regarded-as, and/or recorded disability status was a motivating or other causally-sufficient factor in SmartCare's actions.

44. As further set forth in this Complaint, SmartCare overtly refused to continue to accommodate Ms. Gabriele's disability(ies), which all indicate that SmartCare held these disabilities against Ms. Gabriele.

45. As a direct and proximate result of SmartCare's unlawful actions, Ms. Gabriele has been damaged and continues to suffer damages, including but not limited to loss of pay and emotional distress.

46. Ms. Gabriele prays that the Court find SmartCare liable for disability discrimination in violation of the New York City Human Rights Law, and grant all relief permitted by law, as set forth in the Prayer in this Complaint.

### THIRD CAUSE OF ACTION
### Violation of the New York City Human Rights Law
### N.Y.C. Admin. Code § 8-107 et seq.
### Retaliation

47. Ms. Gabriele incorporates each and every foregoing and succeeding paragraph of this Complaint as if fully set forth here.

48. Ms. Gabriele engaged in activity protected by the New York City Human Rights Law, including but not necessarily limited to requesting and taking time off from her job at SmartCare to recuperate from her concussion.

49. SmartCare took adverse action against Ms. Gabriele because of her protected activity. Among other things, SmartCare fired Ms. Gabriele for taking time off work to recuperate from her disability(ies).

50. Ms. Gabriele's protected activity was a motivating or other causally-sufficient factor in SmartCare's actions.

51. SmartCare's actions and the background facts indicate a causal connection due to the fact that Ms. Gabriele was terminated by SmartCare shortly after Hewitt suddenly asked for Ms. Gabriele's "doctor's paperwork" regarding her injury in or around late January 2019.

52. As a direct and proximate result of SmartCare's unlawful actions, Ms. Gabriele has been damaged and continues to suffer damages, including loss of pay and benefits and emotional distress.

53. Ms. Gabriele prays that this Court find SmartCare liable for retaliation in violation of the New York City Human Rights Law, and grant all relief permitted by law, as set forth in the Prayer in this Complaint.

**FOURTH CAUSE OF ACTION**
**Violation of the New York State Human Rights Law**
**N.Y. Exec. Law § 290 et seq.**
**Sex Discrimination**

54. Ms. Gabriele incorporates each and every foregoing and succeeding paragraph of this Complaint as if fully set forth here.

55. Ms. Gabriele is female.

56. SmartCare took adverse action against Ms. Gabriele, including but not limited to terminating her employment.

57. Ms. Gabriele's sex was a motivating or other causally-sufficient factor in SmartCare's actions.

58. SmartCare's actions reflect gender stereotypes, including stereotypes about women as being subordinate and less capable. SmartCare's upper management team was all-male and instilled a "boys' club" atmosphere. For example, SmartCare did not promote female employees to upper management even though Ms. Gabriele was involved with founding meetings of SmartCare. Ms. Gabriele and other females were kept in non-upper management roles with SmartCare. As a direct and proximate result of SmartCare's unlawful actions, Ms. Gabriele has been damaged and continues to suffer damages, including but not limited to loss of pay and emotional distress.

59. Ms. Gabriele prays that the Court find SmartCare liable for sex discrimination in violation of the New York State Human Rights Law, and grant all relief permitted by law, as set forth in the Prayer in this Complaint.

**FIFTH CAUSE OF ACTION**
**Violation of the New York State Human Rights Law**
**N.Y. Exec. Law § 290 et seq.**
**Disability Discrimination**

60. Ms. Gabriele incorporates each and every foregoing and succeeding paragraph of this Complaint as if fully set forth here.

61. Ms. Gabriele lived with one or more disabilities, including but not necessarily limited to debilitating migraines and visual sensitivities due to her concussion. SmartCare knew of her disability(ies) or that she had a record of such disabilities, and/or regarded her as being disabled.

62. SmartCare took adverse action against Ms. Gabriele, including but not limited to terminating her employment; further, SmartCare failed to provide reasonable accommodations for these disabilities.

63. Ms. Gabriele's actual, regarded-as, and/or recorded disability status was a motivating or other causally-sufficient factor in SmartCare's actions.

64. As further set forth in this Complaint, SmartCare overtly refused to accommodate Ms. Gabriele's disability(ies), which indicates SmartCare held these disabilities against Ms. Gabriele.

65. As a direct and proximate result of SmartCare's unlawful actions, Ms. Gabriele has been damaged and continues to suffer damages, including but not limited to loss of pay and emotional distress.

66. Ms. Gabriele prays that the Court find SmartCare liable for disability discrimination in violation of the New York State Human Rights Law, and grant all relief permitted by law, as set forth in the Prayer in this Complaint.

### SIXTH CAUSE OF ACTION
### Violation of the New York State Human Rights Law
### N.Y. Exec. Law § 290 et seq.
### Retaliation

67. Ms. Gabriele incorporates each and every foregoing and succeeding paragraph of this Complaint as if fully set forth here.

68. Ms. Gabriele engaged in activity protected by the New York City Human Rights Law, including but not necessarily limited to requesting and taking time off from her job at SmartCare to recuperate from her concussion.

69. SmartCare took adverse action against Ms. Gabriele because of her protected activity. Among other things, SmartCare fired Ms. Gabriele for taking time off work to recuperate from her disability(ies).

70. Ms. Gabriele's protected activity was a motivating or other causally-sufficient factor in SmartCare's actions.

71. SmartCare's actions and the background facts indicate a causal connection due to the fact that Ms. Gabriele was terminated by SmartCare shortly after Mr. Hewitt suddenly asked for Ms. Gabriele's "doctor's paperwork" regarding her injury in or around late January 2019.

72. As a direct and proximate result of SmartCare's unlawful actions, Ms. Gabriele has been damaged and continues to suffer damages, including loss of pay and benefits and emotional distress.

73. Ms. Gabriele prays that this Court find SmartCare liable for retaliation in violation of the New York State Human Rights Law, and grant all relief permitted by law, as set forth in the Prayer in this Complaint.

**SEVENTH CAUSE OF ACTION**
**Violation of Title VII**
**42 U.S.C. § 2000e-2 et seq.**
**Sex Discrimination**

74. Ms. Gabriele incorporates each and every foregoing and succeeding paragraph of this Complaint as if fully set forth here.

75. Ms. Gabriele is female.

76. SmartCare took adverse action against Ms. Gabriele, including but not limited to terminating her employment.

77. Ms. Gabriele's sex was a motivating or other causally-sufficient factor in SmartCare's actions.

78. SmartCare's actions reflect gender stereotypes, including stereotypes about women as being subordinate and less capable. SmartCare's upper management team was all-male and instilled a "boys' club" atmosphere. For example, SmartCare did not promote female employees to upper management even though Ms. Gabriele was brought over from SmartTuition and helped lay the groundwork for the formation of SmartCare. Ms. Gabriele and other females were kept in non-upper management roles with SmartCare. As a direct and proximate result of SmartCare's unlawful actions, Ms. Gabriele has been damaged and continues to suffer damages, including but not limited to loss of pay and emotional distress.

79. Ms. Gabriele prays that the Court find SmartCare liable for sex discrimination in violation of Title VII, and grant all relief permitted by law, as set forth in the Prayer in this Complaint.

### EIGHTH CAUSE OF ACTION
### Violation of the Americans with Disabilities Act As Amended
### 42 U.S.C. § 12101 et seq.
### Failure to Accommodate

80. Ms. Gabriele incorporates each and every foregoing and succeeding paragraph of this Complaint as if fully set forth here.

81. Ms. Gabriele lived with one or more disabilities, including but not necessarily limited to debilitating migraines and visual sensitivities due to her concussion. SmartCare knew of her disability(ies) or that she had a record of such disabilities, and/or regarded her as being disabled.

82. SmartCare took adverse action against Ms. Gabriele, including but not limited to terminating her employment; further, SmartCare failed to provide reasonable accommodations for these disabilities by terminating her instead of continuing her leave.

83. Ms. Gabriele's actual, regarded-as, and/or recorded disability status was a motivating or other causally-sufficient factor in SmartCare's actions.

84. As further set forth in this Complaint, SmartCare overtly refused to accommodate Ms. Gabriele's disability(ies), which all indicate that SmartCare held these disabilities against Ms. Gabriele.

85. As a direct and proximate result of SmartCare's unlawful actions, Ms. Gabriele has been damaged and continues to suffer damages, including but not limited to loss of pay and emotional distress.

86. Ms. Gabriele prays that the Court find SmartCare liable for failing to accommodate her disability(ies) under the Americans with Disabilities Act As Amended, 42 U.S.C. § 12101, et seq., and grant all relief permitted by law, as set forth in the Prayer in this Complaint.

## NINTH CAUSE OF ACTION
### Violation of the Americans with Disabilities Act As Amended
### 42 U.S.C. § 12101 et seq.
### Retaliation

87. Ms. Gabriele incorporates each and every foregoing and succeeding paragraph of this Complaint as if fully set forth here.

88. Ms. Gabriele was an employee, and SmartCare was an employer, within the meaning and coverage of the Americans with Disabilities Act, As Amended ("ADAAA").

89. Ms. Gabriele was a disabled employee protected by the ADAAA.

90. SmartCare retaliated against Ms. Gabriele, including but not limited to terminating her employment.

91. Ms. Gabriele prays that this Court find SmartCare liable for retaliation in violation of the ADAAA, and grant all relief permitted by law, as set forth in the Prayer in this Complaint.

## **PRAYER FOR RELIEF**

Plaintiff Toni Gabriele prays that this Court enter judgment in her favor, and grant all relief allowed under law, including but not limited to:

A. Actual economic damages, including lost wages and benefits, adjusted for promotional opportunities lost;

B. Actual non-economic damages, including damages for emotional distress;

C. Unpaid wages and liquidated damages;

D. Punitive damages and civil penalties;

E. Attorney's fees, expert fees, and costs;

F. Backpay, frontpay, and other equitable relief;

G. An order that SmartCare cease and desist from all discriminatory and retaliatory practices and revise Ms. Gabriele's personnel records to remove all negative references;

      H.      Adjustment of any monetary sum awarded for the adverse tax consequences of receiving it in a lump sum; and

      I.      Any other and/or further relief permitted by law.

## **JURY DEMAND**

Plaintiff Toni Gabriele respectfully demands a jury trial on all issues so triable.

Dated: June 6, 2021                              Respectfully submitted,

                                                        KEENAN & BHATIA, LLC

                                                        By: _/s/ E.E. Keenan_____
                                                        Edward (E.E.) Keenan
                                                        90 Broad Street, Suite 200
                                                        New York, NY  10004
                                                        Tel:  (917) 975-5278
                                                        ee@keenanfirm.com

                                                        *Attorney for Plaintiff Toni Gabriele*